## SUPREME COURT.

ABBIE M. STEWART agt. THE SARATOGA & WHITEHALL RAIL-
ROAD COMPANY.

An *appeal* to the general term, from an order under § 349 of the Code, is *per se*
a stay of proceedings; and no undertaking or security is required. (*This
agrees with Emerson* agt. *Burney,* 6 *How. Pr. Rep.* 32—*and Trustees of
Penn Yan* agt. *Forbes,* 8 *id.* 285.)

*Saratoga Special Term, April,* 1855.

MOTION to stay proceedings of plaintiff to assess damages on
writ of inquiry to sheriff of Saratoga county.

At a special term in March, 1856, the demurrer of the de-
fendant was overruled, on argument, with liberty to defendant
to answer over, on payment of costs, within twenty days. The
order which overruled the demurrer, proceeding—" If the de-
fendant shall fail to pay the costs and to answer within twenty
days, then the plaintiff's damages to be assessed by a jury ;
and that a writ of inquiry issue," &c.

Twenty-*two* days after service of a copy of this order, the
defendant served notice (under § 349 of Code) of an appeal from
this order, and on the same day (April 12th) received notice
that plaintiff would, on April 21st, proceed to assess damages
by a jury, on a writ of inquiry.

On the 17th day of April, plaintiff's attorneys served a no-
tice of argument of the appeal, and continued to proceed to
prepare for the assessment of the damages, until, on the 21st
of April, they were served with the affidavit and stay of pro-
ceedings, for the making of this motion.

Defendant claims that this motion should be granted, with-
out terms, as the appeal from the order overruling the demurrer
was *per se* a *stay of proceedings* of plaintiff.

Plaintiff claims that the appeal was *not* a stay of proceedings;
and that, if this motion is to be granted at all, it should be on
payment of costs, preparing to attend trial before sheriff's jury,

$7, sheriff's fees $1.50, subpœnaing two witnesses and attendance $1, postage and affidavits 50 cents—in all, $10, and $10 costs of the motion.

E. F. BULLARD, *for plaintiff.*
A. POND, *for defendant.*

GOULD, Justice.   There have been conflicting decisions, at various special terms, as to the operation of *appeals from orders ;* which are referred to in 11 *How. p.* 572.   Some of those cases are on orders not analogous to the one in question.   But the decision of the case in 11 *Howard,* 572, is almost precisely of the case before me.

In this conflict of decisions, I may be at liberty, with all deference for the learning and ability of the judges who have given them, to say that, in cases like this, I am at a loss to understand the necessity for *any stay of proceedings.*   It is true, that Mr. Justice BOWEN, in the case last cited, says; " After the expiration of the twenty days given to the defendant to answer, the plaintiff *might have* perfected his judgment, based on the order appealed from.   *Had judgment been perfected before the appeal was taken,* the appeal must necessarily have been from the *judgment;*" and would not have been a stay, unless the provisions of the Code for that purpose had been complied with.   No doubt the plaintiff *might* have done so ; *but he did not ;* and the *judgment* is *not* perfected ; and the appeal is *not from the judgment.*   And it appears to me that the reasoning fails to support the decision ; and that it is not the policy of the law, or the practice of the courts, even to allow a respondent to proceed in a particular way at the *peril* of having his proceedings useless, *where there is a legal* and *sufficient reason why he should not proceed at all,* in that direction.

That there is such a reason, in this case, will (it seems to me) become very apparent, if, instead of going off on the point whether the appeal be *per se* a *stay,* we simply ask *where the parties are,* after the order and before the appeal is taken ? There is no issue of fact in the case : there is no default for not

pleading; but there *is an excuse for not answering* the plaintiff's averments of fact; and one which, in *form*, is a valid excuse; so that, even on overruling it, *there is no judgment* whatever, either *final* or *conditional;* but simply an order that the demurrer be overruled, (*i. e.* decided not to be well taken,) " with liberty to the defendant to answer, on payment of costs, within twenty days from service of copy of this order."

Supposing this order not to be appealed from, the defendant had the right to make up for trial issues of fact, on which to have the merits of the case decided.

Or, within thirty days he had the right to appeal. He has done so; and *where* does that act place him? He appeals from the *whole* order, not from a part; and he *suspends that order—stays it* at any rate. In effect, he *renews* his demurrer. He says, there is not only a reason why you cannot proceed to assess any damages against me, but there is a legal reason—a reason founded in the *inherent defects* of *your own complaint*—why *I* am *entitled to judgment against you, without answering you at all.* I take, as a *right*, this *issue of law;* and, *until that be decided*, finally, *there is no such thing as your proceeding* to try, in any way, any issue of fact, or in any way to get judgment against me on the merits. I have no *stay* of proceedings against you—and wish none. You are at full liberty to *proceed;* but you must proceed with the issue of law which is in the case, and not with issues of fact that are not in it—or with any inquiry of damages to which you *may* never be entitled; and to which you *cannot* be entitled until I have had an opportunity to try the *facts* of the case. And as to the provision of the order that, unless I pay costs, and answer within twenty days,—(though well enough, did I not appeal,)—the *mere fact* that, within the time allowed me by law, I do appeal, makes the provision a nullity. It must be a nullity; because it is *against the law*, which law (*Code*, § 349) says, that I may appeal from, and take away, the *entire basis* on the strength of which the judge imposed his condition; and (*Code*, § 172) says that, even after the decision of my demurrer against me at the

general term, *that court* may allow me to plead over; and of course it may do so without reference to your condition.

The cases heretofore decided note the absurdity of *giving security* to stay proceedings on an appeal from an order over-ruling or sustaining a mere demurrer. But the judges have felt constrained, by the words of the Code, to decide in favor of such absurdity, unless dispensed with by special order of the court.

The reasons above seem to me to save the law makers from the charge of having left the absurdity in the act.

There is a difference in the time fixed by *the law* for an 'appeal, and that fixed *by the courts* for answering over, which (if my views, above set forth, be sound) it were well should be in some way done away with; so that there should be the *same* time allowed for answering as for appealing, and then none of these anomalous conditions would arise—cases where both parties appear to be regular, but where, after all, the paramount *right of appeal* must prevail over the conditions of an order.

The motion must be granted, but without costs to either party.

Ordered accordingly.